39,583-37

Dear Abel Acosta, Clerk                    02/02/2015

On 1/20/2015 in WR.39,583-37 you claim On this day, the original Writ of certiorari has been received and presented to the court. No Sir, what you presented to the Court was a Motion for Leave to file a petition for a Writ of Certiorari. Please find enclosed the original petition for a writ of certiorari. I kindly ask that you file the same and bring the matter to the attention of the court.

Mr. Acosta, because of my incarceration I am not able to attach a copy of the States Complaint, Real Relator's burden of proof. I kindly ask that from the applications for a writ of Habeas Corpus that you make available to the Court a copy of this complaint prefering to WR.39,583-2 for it contains a certified to be a true and correct copy of the original.

Thank you for your time and help with this matter.

Respectfully yours,
Billy C. Wilkins

RECEIVED IN
COURT OF CRIMINAL APPEALS

FEB 04 2015

Abel Acosta, Clerk

CAUSE NO. _____

COURT OF CRIMINAL APPEALS OF TEXAS

IN RE: BILLY CHARLES WILKINS

WR-39,583, Trl. Ct. No. 13,872

PETITION FOR A WRIT OF CERTIORARI

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Billy Charles Wilkins, Relator herein acting Pro Se in the above entitled and numbered cause and moves the Court to order a Writ of Certiorari where the facts shown herein entitle relator relief from an illegal arrest, indictment and conviction and relator will show unto the Court the following:

I.

JURISDICTION

This Honorable Court has jurisdiction to address the issues raised herein pursuant to Article 4.04, V.A.C.C.P.

II.

CLAIM FOR RELIEF

Your Honor, the issues raised herein are based on new evidence since trial that pertains to an illegal arres, illegal indictment and illegal conviction. On the 12th day of June 1995, relator was arrested on suspection of having commit a burglary of a habition. Relator was denied his right to have an examining trial for there were no arraignment held by any magistrate of the county advising relator had been accused of committing a offense against the laws of the State. On the 11th day of July 1995, an indictment was filed charging that relator enter a habitation and attempt to commit and commit theft of a VCR, a digital satellite system receiver and guns without the effective consent of the owner namely: Samantha Gober, The Honorable Ernest Cadar head appointed attorney Dana Smith for the defence. In November, 1995, Mr. Smith brought over to the jail and presented to relator a investigation report of Officer Vance Hill, and a motion for discovery filed by him. In this motion are a request for the Court to order the District

1.

Attorney to produce for inspection, copying or photographing the States complaint. Having read the report and finding no fact, entery into the residence by relator ever occured and no fact that any attempt to commit and commit theft of a VCR, a digital satellite system receiver and guns ever occured or even any fact relator had in his possession any stolen property, several requests were made to Mr. Smith for a copy of the complaint. Because of Mr. Smiths neglect to full fill relator's request of the complaint a grievance was brought against Mr. Smith with the State Bar of Texas. Mr. Smith filed a Motion to Withdraw. His motion was granted and he was dismissed by the court and the court appointed attorney Scott Steele. Mr. Steele again on April 17th, 1996 filed a second motion for discovery and inspection moving the court to order the District Attorney to produce for inspection, copying or photographing. All warrants of arrest, search warrants and affidavits in support thereof. During pre-trial the court granted and ordered the District Attorney to produce all warrants of arrest, search warrants and affidavits in support thereof. Trial Court record proves this fact. After pre-trial relator ask Mr. Steele to let relator look at the affidavit. Mr. Steele inform relator he would send relator a copy to the jail. Relator never receiving no copy of any complaint affidavit. Not doubting Mr. Steele's representations relator was not aware of any errors within the complaint affidavit before trial. Because a copy of a complaint was mailed to relator of the codefendant while at Bill Clements Unit by a friend and relator found it in error, from its file mark relator made a request to magistrate Ronnie Lappe in reference to any complaint filed therein and having received a complaint relator discovered it to be the one and same complaint relator received from the friend that relator discovered new evidence that the complaint filed against relator to be at default. Based on new evidence relator is innocent of the crime in which he was convicted.

FIRST, the complaint is not sufficient without regard to form, for it does not substaintly recite requisite two a requirement established in

2.

Art. 15.05, V.A.C.C.P. stating by the affiant relator committed some offense against the laws of the State or that relator commit such offense. The District Attorney violated Art. 21.22, V.A.C.C.P. because he presented information to a magistrate of the county for a probable cause determination before a affidavit was made by a credible person charging relator with an offense. No affidavit was filed with the information.

SECOND, this complaint presents false information amended by the prosecution creating a variance between the information and the complaint on which it is based as to the phrase "located in the vehicle was a VCR and a digital satellite system receiver," is fatal to the validity of the information. Investigation report found in (V.5, P. , exhibit one S.F.), page three recites "When Wilkins was arrested officers did locate an RCA VCR and a digital satellite system receiver." No information in the report states there were "located in the vehicle was a VCR and a digital satellite system receiver." According to Peterson V. State, 781 S.W. 2d 933 (Tex. Crim. App. 1989), A prosecutor has no authority he can institute prosecutions in a county court upon his independent act or of his own volition. To allow a prosecutor to amend the affidavit of another would make the prosecutor the accuser. A prosecutor cannot be "both the accuser and the prosecutor in felony cases." The alligation made upon the State's complaint is based from false information stated on the complaint by the prosecution. The grand jury indictment found in the trial transcript, is alligation was based from the fatally defective complaint is alligation that is based on false information amended on the complaint by the prosecution. The trial court never appropriately acquired jurisdiction to adjudicate relator's guilt and sentence him to 99 years imprisonment because the indictment is fatally defective.

Your Honor, relator is at this time unable to provide the court a copy of the State's complaint affidavit described by Art. 2.04, V.A.C.C.P. In every application for a writ of habeas corpus presented to your court are

3.

an exhibit attached thereto of this complaint in question that is relator's burden of proof. Relator kindly asks your honor to look in the trial court records there you'll find both Mr. Smith & Mr. Steele's Motions for Discovery the grand jury indictment and Officer Vance Hill's investigation report that are all certified to be true and correct copies of the originals. In 39, 583-2 application for a writ of habeas corpus are a certified to be a true and correct copy of the original complaint affidavit. The facts are clear the State created their own probable cause by amending the affidavit of affiant Vance Hill to obtain an indictment for the offense of burglary of a habitation. The grand jury was never provided any copy of Vance Hill's report to know there were fatal errors committed by the State upon the complaint introduced to the grand jury by the prosecution.

Relator's arrest, indictment and conviction were illegal because the State did not have a true affidavit charging relator for committing burglary of a habitation was ever filed within 48 hours after relator's arrest. Relator's arrest, indictment and conviction were because of prosecutorial misconduct.

## III.

## PRAYER

WHEREFORE, Relator prays for this Honorable Court to order a Writ of Certiorari to Grant Relator relief from his illegal arrest, illegal indictment and illegal conviction for which he is entitled.

4.

## IV.

### INMATE DECLARATION

I, Billy Charles Wilkins, being presently incarcerated in Brown County Jail declares under penalty of perjury that the foregoing Petition for a Writ of Certiorari is true and correct.

Signed on this 2nd day of February 2015.

Respectfully submitted,

Billy C. Wilkins

### CERTIFICATE OF SERVICE

By affixing my signature above is to certify that a true and correct copy of the foregoing Petition for a Writ of Certiorari on this date was placed into the hands of the Brown County Jail Administration to be mailed to Michael Murry 35th District Attorney properly add resed to 200 S, Broadway Brownwood Tx. 76801.